## Beedy *versus* Dine and wife.

Where a man dies possessed of real estate, and leaving a family of children and their mother; and these continue in the possession of the land for twenty-one years, claiming it as their own, as his heirs and widow; they obtain a title as such, even though the marriage of the father and mother was void, because of a previous marriage of the father; and the mother cannot, then, on the discovery of the previous marriage, set up title in herself to the exclusion of her children.

ERROR to the Common Pleas of *Crawford county*.

Ejectment for a donation tract of 200 acres of land. The plaintiff, Samuel Beedy, showed title by purchase from the children of Jonathan Hammond, who died possessed of the land in 1827. The verdict shows that the children were illegitimate, because their father had a wife living at the time he was married to their mother. The other evidence in support of the children's title tends strongly to prove the following facts:—

After Hammond's death, his supposed widow, who is now the wife of the defendant, Robert Dine, not knowing of the invalidity of her marriage, continued to live on the land as his widow with her children for some time; procured guardians to be appointed for the children; married Dine; allowed the guardians to lease the land on a tenancy that lasted until 1843; then Dine, having been appointed guardian of some of the children, went into possession as such and for the interest of his wife, as widow of Hammond; he and his wife were in possession on this title when the plaintiff purchased the interest of the children, and until this suit was brought in 1851, and he encouraged the purchase.

The mother and her husband took defence on the ground of the illegitimacy of the children, and the fraud practised on her in the marriage, by Hammond; and the court, among other things, de-

[Beedy *v.* Dine and wife.]

cided that the title thus acquired by adverse possession against the true heirs of Hammond might, on these grounds, be claimed by the mother to the exclusion of her children; and this was the principal question raised by the assignment of errors; and we report no other part of the case or of the opinion.

*Derrickson* and *Richmond*, for plaintiff.

*Farrelly* and *Finney*, for defendants.

The opinion of the court was delivered, October 1854, by

LOWRIE, J.—There can be no doubt that the adverse possession was intended to be by the mother and children, as widow and heirs of Hammond. Then why shall the supposed fraud of Hammond upon the mother have the effect of making this adverse possession enure entirely to her benefit? To punish him for his fraud? The punishment does not reach him; and his children, not claiming through him, must not be required to bear it for him. *They* have committed no fraud upon their mother that entitles her to oust them of this claim. Certainly they are no more to blame for the results of the illegal marriage than she is for the fact. If she can claim the land at all, it is by reason of the adverse possession kept up for them and her, which gives them a title in common; and she cannot change this result by showing fraud in one with whom neither of them ever had any legal connection, and in hostility to whose title they are all claiming. It is not the fraud, but the adverse possession, that gives the title; and the question is, who had this possession? Where a man dies, leaving an illegitimate family of children, and their mother, and they continue in the possession of his land for twenty-one years claiming it as their own as his heirs and widow, they obtain a title as such: and so the court ought to have instructed the jury, and ought not to have allowed the mother, after that, to change the nature of her adverse claim; and to oust her children because they are bastards, and because their father had cheated her.

Judgment reversed and a new trial awarded.